IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DORA L. ADKINS, | ) |
|       Plaintiff, | ) |
| v. | )    Case No. 1:14-cv-563 (GBL/JFA) |
| BANK OF AMERICA, N.A., | ) |
|       Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Bank of America, N.A. ("Bank of America")'s Motion to Dismiss for Failure to State a Claim. (Doc. 4.) This case arises from Defendant's alleged failure to properly service Plaintiff's mortgage loan and the subsequent foreclosure on Plaintiff's property. There are three issues before the Court. The first issue is whether Plaintiff sufficiently alleges a breach of contract claim where she alleges that Bank of America failed to give Plaintiff information regarding foreclosure prevention services that, Plaintiff alleges, could have helped her avert foreclosure. The second issue is whether Plaintiff sufficiently alleges a gross negligence claim where she alleges that Bank of America allowed Plaintiff to work with an employee who was not a Mortgage Loan Officer when she applied to refinance her loan in November 2011. The third issue is whether Plaintiff sufficiently alleges any claims that would entitle her to punitive damages where she alleges that Bank of America intentionally and maliciously miscommunicated with Plaintiff about her options to refinance in November 2011, which allegedly caused her to lose her property and suffer a myriad of injuries.

The Court GRANTS Defendant's Motion to Dismiss for three reasons. First, the Court grants Defendant's Motion to Dismiss as to Plaintiff's breach of contract claim (Count I) because

Plaintiff fails to allege facts establishing a plausible claim that Bank of America had a legal obligation to Plaintiff, violated that obligation, and caused the foreclosure that purportedly led Plaintiff to suffer various injuries. Second, the Court grants Defendant's Motion to Dismiss as to Plaintiff's gross negligence claim (Count II) because Plaintiff fails to allege facts establishing a plausible claim that Bank of America breached a duty, proximately caused foreclosure on Plaintiff's property, or that such conduct, even if plausibly alleged, shows the level of indifference to others necessary to constitute gross negligence. Third, the Court grants Defendant's Motion to Dismiss as to Plaintiff's claim for punitive damages (Count III) because "punitive damages" is not an independent cause of action and, given the dismissal of Counts I and II, there are no remaining claims in the Complaint. Moreover, Plaintiff fails to allege facts establishing a plausible claim that Bank of America intentionally concealed information regarding foreclosure prevention services from Plaintiff, or that such conduct, even if plausibly alleged, is "egregious" enough to merit a punitive damages award.

## I. BACKGROUND

Plaintiff Dora L. Adkins is the borrower and Defendant Bank of America, N.A. is the mortgage loan servicer in the transaction at issue in the present action. On April 24, 1998, Plaintiff obtained a loan for $76,753.00 ("Loan"), which was secured by a deed of trust ("Deed of Trust"), to refinance real property located at 200 North Pickett Street, Unit Number 304, Alexandria, Virginia 22304 ("Property"). (Doc. 5, at 1.) As early as November 2011, Plaintiff was aware of the possibility of foreclosure on her Property. (Doc. 1-1, at 6.) Plaintiff admits that she was notified at some point before November 2011 that her Property was scheduled to be sold in December 2011 although it is unclear from the record what entity sent the foreclosure notice. (*Id.*) In an attempt to stave off the impending foreclosure, in November 2011, Plaintiff

...

visited a Bank of America branch in Fairfax, Virginia and applied to refinance the Loan. (*Id.* at 4, 6.) In mid-December, Defendant denied Plaintiff's application to refinance the Loan because she had a high ratio of debt to income. (Doc. 1-1, at 6–7; Doc. 5, at 3.) On December 16, 2011, the Property was sold and eventually foreclosed upon. (Doc. 1-1, at 5.) Since then, Plaintiff has stayed in numerous hotel rooms and has suffered a myriad of injuries.[1] Bank of America denies that it instigated the non-judicial foreclosure proceedings against Plaintiff because the Loan was satisfied. (Doc. 5, at 2.) In support of its argument, Bank of America provided the Court with a copy of the Certificate of Satisfaction, which was executed on March 29, 2012 and recorded on April 4, 2012 as Instrument Number 120006973 in the Clerk's Office of Alexandria City, Virginia. (Doc. 5-3, at 2.) Bank of America also provided the Court with a copy of the Deed of Foreclosure, which indicates that the Hallmark Condominium Unit Owners Association, rather than Defendant, foreclosed on the Property because Plaintiff "failed and refused to pay certain assessment levied by the Association." (Doc. 15-1, at 2–3.) Plaintiff has not provided the Court with any evidence refuting Defendant's claims.

In January 2012, Plaintiff visited a Bank of America branch in Vienna, Virginia, and requested documentation regarding the interest she paid on the Loan in order to prepare tax returns. (Doc. 1-1, at 7.) During that visit, Plaintiff spoke to one of Defendant's representatives who told her about a number of services such as the Home Affordable Modification Program

---

[1] Plaintiff's responsive pleadings contain conclusory allegations of multiple injuries, including a stroke, migraine headaches, back problems, food poisoning, lost medical equipment, parking tickets, and emotional distress; however, the Complaint fails to state an injury that can be reasonably traced to Defendant's actions. (*Compare* Doc. 1-1 *with* Doc. 14.) Moreover, "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Accordingly, the Court relies solely on the factual allegations contained in the Complaint in ruling upon the present motion.

("HAMP")[2] that supposedly Plaintiff fully qualified for because of her good credit history. (*Id.* at 7–8.) On March 14, 2014, Plaintiff revisited the Bank of America branch in Fairfax, Virginia, to obtain copies of her Refinance Mortgage Loan application from November 2011. (*Id.* at 9.) After several failed attempts to locate the requested information, Plaintiff was asked to come back two business days later, on March 18, 2014, in order to give Defendant enough time to locate Plaintiff's records. (*Id.* at 10.) When Plaintiff returned on March 21, 2014, Defendant failed to provide her with the information she requested. (*Id.* at 10–11.) Plaintiff then spoke to a Bank of America branch manager and allegedly discovered that the representative who handled her application back in November 2011 was not a Mortgage Loan Officer. (*Id.* at 11.) Apparently, the branch manager also told Plaintiff that the individual who processed her application was no longer employed by Defendant. (*Id.*)

On April 4, 2014, Plaintiff, who appears *pro se*, filed a complaint ("Complaint") in the Circuit Court of Fairfax County, Virginia, alleging that Defendant is liable for its failure to provide her with information regarding various foreclosure prevention services for the Property. (Doc. 1; Doc. 1-1.) In the Complaint, Plaintiff asserts causes of action for breach of contract and gross negligence, seeks to recover punitive damages, and requests $5,100,000.00 in total damages. (Doc. 1-1.) On May 15, 2014, Defendant Bank of America removed this action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1.) On May 22, 2014, Bank of America filed the instant Motion to Dismiss arguing that Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a). (Doc. 4.)

---

[2] As Defendant explains in its Motion to Dismiss, HAMP is a government program established pursuant to the Emergency Economic Stabilization Act of 2008, designed to promote loan modification and other foreclosure prevention services. (Doc. 5, at 8.)

Between June 6, 2014 and June 12, 2014, Plaintiff filed five responsive pleadings in Opposition to Defendant's Motion to Dismiss. (Docs. 10-14.) On June 13, 2014, Defendant filed its Reply Memorandum. (Doc. 15.) On June 18, 2014, Plaintiff again filed another Reply to Defendant's Motion to Dismiss. (Doc. 16.) In Plaintiff's most recent Reply, she increased her request for punitive damages by $1,000,000.00, bringing the total to $6,100,000.00. (Doc. 16, at 17-18.) Under Local Rule 7(F)(1), once a motion is filed, the non-moving party is entitled to file one responsive brief. In this case, Plaintiff filed six responsive pleadings even though leave to file additional replies was neither requested by Plaintiff nor ordered by this Court. Thus, Plaintiff's numerous oppositions and replies are improper because "[n]o further briefs or written communications may be filed without first obtaining leave of [the] Court." *See* E.D. Va. Loc. Civ. R. 7(F)(1).

## II.   DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to move for dismissal by challenging the sufficiency of the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion should be granted where a plaintiff has failed to "state a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To be facially plausible, a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In order to survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudg[e] [the] claims across the

line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The requirement for plausibility does not mandate a showing of probability but merely that there is more than a mere possibility of the defendant's unlawful acts. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). As a result, a complaint must contain more than "naked assertions" and "unadorned conclusory allegations" and requires some "factual enhancement" in order to be sufficient. *Id.* (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 557).

In considering a Rule 12(b)(6) motion, a court must give all reasonable inferences to the plaintiff and accept all factual allegations as true. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). A court should also consider documents beyond the complaint including any "documents incorporated into the complaint by reference." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Bare legal conclusions are not required to be accepted as true whether contained in the complaint or the incorporated documents. *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012) (citing *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)). A court's 12(b)(6) review involves separating factual allegations from legal conclusions, and a court must grant a 12(b)(6) motion where a complaint fails to provide sufficient non-conclusory factual allegations to allow the court to draw the reasonable inference of the defendant's liability. *See Burnette*, 698 F.3d at 180; *Giacomelli*, 588 F.3d at 196-97 (citing *Iqbal*, 556 U.S. at 678-79 and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)).

B.   **Analysis**

The Court GRANTS Defendant Bank of America's Motion to Dismiss for three reasons. First, the Complaint fails to plausibly allege that Bank of America violated a legal obligation it owed to Plaintiff. Second, the Complaint fails to plausibly allege that Bank of America breached a duty, proximately caused foreclosure on the Property, or did anything showing a high level of indifference to Plaintiff's safety. Third, the Complaint fails to plausibly allege that Bank of America willfully and wantonly prevented Plaintiff from accessing foreclosure prevention services, which in any event, would fail to establish a claim for conduct sufficiently "egregious" to merit a punitive damages award.

1.   **Breach of Contract**

The Court GRANTS Defendant's Motion with respect to Plaintiff's breach of contract claim (Count I) because Plaintiff has not pled a plausible claim that Bank of America had a legal duty to inform her about foreclosure prevention services such as HAMP or that applying for said services would have consequentially precluded foreclosure on her Property. "The essential elements of a cause of action for breach of contract are: (1) a legal obligation of a defendant to a plaintiff; (2) a violation or breach of that obligation; and (3) a consequential injury or damage to the plaintiff." *Hamlet v. Hayes*, 641 S.E.2d 115, 117 (Va. 2007) (citation omitted). "To claim breach of contract, the [p]laintiff must first establish that there was a valid contract to be breached. The essential elements of a contract are offer and acceptance, with valuable consideration." *Sykes v. Brady-Bushey Ford, Inc.*, 69 Va. Cir. 219, 226 (2005) (citation omitted).

The Complaint fails to state a cause of action for breach of contract. Plaintiff contends that Bank of America "grossly breached the [c]ontract the Plaintiff had with its Bank as a

'Customer with a Mortgage' for approximately [fourteen] 14-years." (Doc. 1-1, at 22.) Plaintiff does not provide details regarding what contract she is referring to, nor does she attach any contract to her Complaint. (*See generally* Doc. 1-1.) A fair reading of Plaintiff's Complaint is that she bases her breach of contract claim on Defendant's failure to inform her about foreclosure prevention services such as HAMP before her Property was sold. Plaintiff assumes that she is entitled to foreclosure prevention services from Bank of America as a "customer with a mortgage" without providing any factual evidence to support that claim. (*Id.*) Plaintiff concludes that Bank of America "breached its [c]ontract" but fails to establish that Defendant had a legal obligation to offer her specific foreclosure prevention services. (*Id.* at 5.)

As far as the Court can discern, the only contracts that existed between the parties were the Note and the Deed of Trust, neither of which mention foreclosure prevention services. (Doc. 5-1; Doc. 5-2.) In addition, Plaintiff's bold assertion that prevention services could have helped her avert foreclosure is highly speculative. (Doc. 1-1, at 5.) First, Plaintiff assumes that she would have met the HAMP eligibility criteria. Second, even assuming Plaintiff qualified under HAMP and successfully renegotiated the terms of her mortgage loan with Bank of America, the loan modification would not have halted the foreclosure proceedings because the proceedings were initiated by a third party, not Defendant.

In an effort to make sense of Plaintiff's rather confusing and convoluted Complaint, Defendant puts forth a number of additional theories for why the Court should grant its Motion to Dismiss. (Doc. 5, at 8–11.) Defendant argues that to the extent Plaintiff claims Bank of America made verbal representations that it would refinance Plaintiff's Loan, such oral agreements are barred by the statute of frauds as a matter of law. (Doc. 5, at 9.) Defendant also argues that to the extent Plaintiff alleges a HAMP violation, there is no civil cause of action for

HAMP violations. *See Pennington v. PNC Mortg.*, No. 2:10-cv-361, 2010 WL 8741958, at *5 (E.D. Va. Aug. 11, 2010); *Winn v. Chase Mortg. Servs.*, No. 2:10-cv-395, 2010 U.S. Dist. LEXIS 143041, at *6–7 (E.D. Va. Oct. 29, 2010). Plaintiff, however, concedes that she is not alleging a HAMP violation since she learned about HAMP after the Property was sold and, thus, never applied to the program. (Doc. 10, at 18.) Defendant's additional arguments are moot because the Complaint fails to allege sufficient facts that would, if assumed to be true, establish a prima facie case of breach of contract under Virginia law. Therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's breach of contract claim.

2. <u>Gross Negligence</u>

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's gross negligence claim (Count II) for three reasons. First, Plaintiff has not pled a plausible claim that Bank of America breached a legal duty by allowing Plaintiff to work with an employee who was not a Mortgage Loan Officer and who did not inform Plaintiff about foreclosure prevention services. Second, Plaintiff has not pled a plausible claim that Bank of America's alleged failure to provide her with foreclosure prevention services led to the Property's foreclosure. Third, Plaintiff has not pled a plausible claim that Bank of America acted with a level of indifference to Plaintiff's safety that would shock a fair-minded person.

To establish a claim of negligence, a plaintiff must allege "the existence of a legal duty, a breach of the duty, and that the breach of the duty proximately caused [an] injury." *AES Corp. v. Steadfast Ins. Co.*, 725 S.E.2d 532, 538 (Va. 2012) (citing *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003) (Mims, J., concurring)). "For a breach of legal duty to proximately cause the plaintiff's injury, the injury *must* be 'the natural and probable consequence' of the breach." *Id.* (citations omitted). While ordinary negligence is defined as

"the failure to use the degree of care an ordinary person would exercise to avoid injury to another[,]" gross negligence, which is what the Plaintiff asserts here, is defined as an "action which shows indifference to others, disregarding prudence to the level that the safety of others is completely neglected." *Wilby v. Gostel*, 578 S.E.2d 796, 801 (Va. 2003) (citations omitted). "Gross negligence is negligence which shocks fair-minded people." *Id.* Indeed, "[t]he difference between ordinary negligence and gross negligence is one of degree." *Green v. Ingram*, 608 S.E.2d 917, 923 (Va. 2005).

In the present case, Plaintiff has not alleged a plausible claim of ordinary negligence, let alone gross negligence. Plaintiff's gross negligence claim hinges on her assertion that Bank of America allowed her to work with an employee who was not a Mortgage Loan Officer when she applied to refinance her loan in November 2011. (Doc. 1-1, at 11.) Plaintiff alleges that because she did not work with a Mortgage Loan Officer, she did not receive information regarding foreclosure prevention services such as HAMP. (*Id.*) Plaintiff also points to Bank of America's apparent inability to locate her Refinance Mortgage Loan application from November 2011 when she requested the information in March 2014 as evidence of negligence. (*Id.* at 10–11.) Even if the Court accepts all of Plaintiff's factual allegations as true, they fail to establish the existence of a legal duty on the part of the Defendant. The Complaint does not allege that Plaintiff visited a Bank of America mortgage office and was denied access to a qualified Mortgage Loan Officer. (*See generally* Doc. 1-1.) Instead, the Complaint only states that Plaintiff visited a Bank of America branch in Fairfax, Virginia and there are no facts indicating that home loan services were offered by that particular branch. (*Id.*)

Additionally, Plaintiff fails to plausibly allege a proximate causal connection between Defendant's conduct and foreclosure on her Property. The Court would have to "pile inference

upon inference" in order to reasonably conclude that Plaintiff would have avoided foreclosure on the Property had she known about foreclosure prevention services such as HAMP. *United States v. Lopez*, 514 U.S. 549, 567 (1995). At the very least, Plaintiff would have had to meet with a Mortgage Loan Officer, apply for HAMP, qualify for the program, and successfully negotiate a loan modification before the sale of her Property on December 16, 2011 in order to prevent foreclosure. Furthermore, it appears from the record that Defendant did not foreclose on the Property. According to the Deed of Foreclosure, the Hallmark Condominium Unit Owners Association foreclosed on the Property; thus, even if Plaintiff had been able to modify her Loan with Bank of America, it would not have affected the outcome. (Doc. 15-1, at 2–3.) The Court cannot find that Bank of America's actions constitute negligence given the feeble causal connection between Defendant's conduct, the Property's foreclosure, and Plaintiff's alleged injuries. Moreover, nowhere in the Complaint, or in the responsive pleadings, does Plaintiff argue that she was not in default or that the foreclosure was unlawful. Because Plaintiff is unable to establish a plausible claim of ordinary negligence, her Complaint clearly fails to establish negligence that "shocks fair-minded people." *Wilby*, 578 S.E.2d at 801. Therefore, the Court dismisses Plaintiff's gross negligence claim.

    3.    <u>Punitive Damages</u>

The Court GRANTS Defendant's Motion with respect to Plaintiff's claim for punitive damages (Count III) because Plaintiff has not pled a plausible claim that Bank of America willfully and wantonly concealed information regarding foreclosure prevention services from Plaintiff or that such behavior is "egregious" enough to warrant a punitive damages award. The Court notes that Plaintiff lists "punitive damages" as an independent cause of action in the Complaint; however, it is, in fact, one of the remedies sought by Plaintiff and, therefore, only

exists to the extent that the causes of action upon which it is based are not dismissed. (Doc. 1-1, at 20.)

Under Virginia law, punitive damages are "awarded only in cases of the most egregious conduct." *Philip Morris, Inc. v. Emerson*, 368 S.E.2d 268, 283 (Va. 1988). "Punitive or exemplary damages are allowable only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." *Condo. Servs., Inc. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc.*, 709 S.E.2d 163, 174 (Va. 2011) (citations omitted). Furthermore, punitive damages are generally unavailable in Virginia for breach of a contractual duty; therefore, "in order to recover punitive damages where there is a breach of contract, a plaintiff must allege and prove 'an independent, willful tort, beyond mere breach of a duty imposed by contract.'" *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 599 (E.D. Va. 2005) (quoting *Kamlar v. Haley*, 299 S.E.2d 514, 518 (Va. 1983)).

Here, Plaintiff has not pled any facts showing that Bank of America intentionally and maliciously blocked her access to foreclosure prevention services. If anything, Defendant's willingness to help Plaintiff submit a Refinance Mortgage Loan application in November 2011 demonstrates the exact opposite. (Doc. 1-1, at 4, 6.) Having dismissed Plaintiff's breach of contract claim and gross negligence claim, the Court holds that there are no remaining facts in the Complaint that plausibly allege conduct sufficient to procure an award of punitive damages. Therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for punitive damages.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss and holds that Plaintiff fails to state a plausible claim on which relief may be granted. Defendant did not owe

Plaintiff a contractual duty to provide her with information regarding foreclosure prevention services such as HAMP. Furthermore, the proximate causal connection between any breach of Defendant's alleged duty and foreclosure on Plaintiff's property is too attenuated to constitute actionable negligence, or any other claim warranting punitive damages. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Doc. 4) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1-1) is DISMISSED.

IT IS SO ORDERED.

The Clerk is directed to forward a copy of this Order to Plaintiff, appearing *pro se*, and Counsel of Record.

ENTERED this 18th day of July, 2014.

Alexandria, Virginia
7/18/2014

/s/
Gerald Bruce Lee
United States District Judge